

**ORDERED in the Southern District of Florida on June 21, 2018.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:                                                          Case No.: 16-21729-AJC
                                                                          Chapter 13

ANGELIQUE PIERRE,

     Debtor.

_____/

**ORDER GRANTING BSI FINANCIAL SERVICES, AS SERVICING**
**AGENTFOR HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS**
**SEPARATE TRUSTEE FOR COMMUNITY DEVELOPMENT FUND**
**II TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

     **THIS MATTER** came before the Court on June 19, 2018 upon BSI Financial Services, as

Servicing Agent for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community

Development Fund II Trust's Motion for Relief from the Automatic Stay [D.E. 61] (the "Motion").

The Court, being otherwise duly advised in the premises, it is, hereby,

     **ORDERED,** as follows:

     1.    The Motion is **GRANTED**, as set forth herein.

     2.    The Automatic Stay is lifted to allow BSI Financial Services, as Servicing Agent

for HMC Assets, LLC, solely in its Capacity as Separate Trustee of Community Development

Fund II Trust ("Secured Creditor"), so as to allow Secured Creditor to exercise its non-bankruptcy rights with respect to the Property and allow a state court to enter all necessary orders, judgments, and decrees associated therewith, on real property legally described as:

**LOT 7, BLOCK 1, PINEAPPLE PLANTATION ONE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 59, PAGE 61, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

3.      This relief is *in rem* only in order to complete state court foreclosure proceedings through certificate of title and possession of the Property; however, Secured Creditor shall not seek any *in personam* relief against the debtor without further order of the Court.

4.      The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from stay effective immediately.

5.      No foreclosure sale shall be scheduled until at least sixty (60) days from the date of this order and a subsequent hearing shall be scheduled ten (10) days prior to the date of the foreclosure sale to further consider if the scheduled sale should not be allowed.

6.       The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

###

Submitted by:
**Chase A. Berger**
Fla. Bar No. 083794
cberger@ghidottiberger.com
**GHIDOTTI BERGER, LLP**
3050 Biscayne Boulevard - Suite 402
Miami, Florida 33137
Tel: (305) 501.2808 / Fax: (954) 780.5578

**Copies furnished to:**

Chase A. Berger, Esq.
Mr. Berger shall serve a conformed copy of this Order upon all interested parties and file a Certificate of Service of the Order within three (3) days.